## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RICKY LONGNECKER,** | § | |
| **JESSIE BUNCIAGA, AND** | § | |
| **IRAN SCOTT WINDOM,** | § | **Case No. 4:23-cv-3069** |
| *Plaintiffs,* | § | |
| | § | **Judge Keith P. Ellison** |
| **v.** | § | |
| | § | **Jury Requested** |
| | § | |
| **UNION PACIFIC** | § | |
| **RAILROAD COMPANY,** | § | |
| *Defendant.* | § | |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

COME NOW RICKY LONGNECKER ("Plaintiff Longnecker"), JESSIE BUNCIAGA ("Plaintiff Bunciaga"), and IRAN SCOTT WINDOM ("Plaintiff Windom"), "Plaintiffs," complaining of UNION PACIFIC CORPORATION ("UPC") and UNION PACIFIC RAILROAD COMPANY ("UPRR"), and for cause of action against said Defendants would show the Court as follows:

### SUMMARY

On April 26, 2022, Plaintiffs Longnecker, Bunciaga, and Windom were occupants of a workboat traveling in the navigable waters of Langham Creek near Buffalo Bayou, and struck remnants of a railroad bridge that had been owned and was demolished by or at the direction of UPRR. Plaintiffs were ejected from the boat

**EXHIBIT 2**

and suffered severe injuries. UPRR had a duty to fully and properly demolish the bridge and return Langham Creek to its previous status as a navigable waterway. UPRR was negligent in failing to discharge its duty, and in failing to properly inspect the channel following the demolition of the bridge, which proximately caused the injuries and damages suffered by Plaintiffs.

## PARTIES

1.   Plaintiff RICKY LONGNECKER is a domiciliary and citizen of the State of Texas, residing in Montgomery County.

2.   Plaintiff JESSIE BUNCIAGA domiciliary and citizen of the State of Texas, residing in Montgomery County.

3.   Plaintiff IRAN SCOTT WINDOM domiciliary and citizen of the State of Texas, residing in Grimes County.

4.   Defendant UNION PACIFIC RAILROAD COMPANY ("UPRR") is a Delaware corporation with its headquarters in Nebraska that, at times material to this lawsuit, has done business in Harris County, Texas. Defendant UNION PACIFIC RAILROAD COMPANY may be served by issuing citation to its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. Service by private process server is requested at this time.

5.   Defendant UNION PACIFIC CORPORATION was removed from this lawsuit by substitution, by Order of the Court, pursuant to Fed. R. Civ. P. 21.

**JURISDICTION AND VENUE**

6.      Plaintiff brought suit in state court and original Defendant Union Pacific Corporation removed the lawsuit to federal court on the basis of diversity of citizenship pursuant to 28 USC §1332(a)(1). Such diversity of citizenship exists between all the Plaintiffs and Defendant UPRR. The amount in controversy exceeds $75,000.

7.      Venue is appropriate in the Southern District of Texas, Houston Division, as many of the acts complained of, including the incident that is the basis of the action, occurred in Harris County, Texas, which is within the Houston Division of the Southern District of Texas.

**FACTS**

8.      Plaintiffs sustained severe personal injuries and damages in a boating accident that occurred on April 26, 2022 ("Injury Date"), in the navigable waters of Langham Creek near Buffalo Bayou, west of the intersection of Interstate 10 West and North Eldridge Parkway, in Harris County, Texas (the "Incident").

9.      At the time of the Incident, Plaintiffs were working in the course and scope of employment for the Harris County Flood Control District.

10.     Plaintiff Longnecker was driving an air boat in the navigable waters of Langham Creek, under the Interstate 10 westbound bridge, when suddenly, the boat Plaintiff Longnecker was driving struck submerged steel beams, causing Plaintiff

**Plaintiffs' First Amended Complaint**                                                          **Page 3 of 10**

EXHIBIT 2

Longnecker, Plaintiff Bunciaga, and Plaintiff Windom to be ejected from the boat and suffer severe injuries.

11.    The location of the incident is shown in the graphic shown below:



12.    This is a photograph of the airboat in Langham Creek shortly after the Incident:



13.    The steel beams shown in the above photograph, protruding from the water, were the remnants of the supports of a railroad bridge spanning Langham Creek ("Subject Bridge").

14.    The Subject Bridge was owned by UPRR and/or a predecessor company of UPRR.

15.    The Subject Bridge was demolished in 2002, according to photographs and other information provided to Plaintiffs' counsel by the Texas Department of Transportation ("TXDOT").

16.    On information and belief, the demolition of the Subject Bridge was accomplished by UPRR pursuant to a contract between TXDOT and UPRR which

required that UPRR demolish the Subject Bridge and remove the Subject Bridge in its entirety, including from the navigable waters of Langham Creek.

17.    In demolishing the Subject Bridge, UPRR failed to remove the Subject Bridge and all of its elements from the navigable waters of Langham Creek. Specifically, UPRR left remnants of the Subject Bridge protruding from the bottom of Langham Creek, where they would pose obstructions to navigation and a hazard to persons operating watercraft in Langham Creek. These were the structures that impacted the boat Plaintiffs occupied at the time of the Incident.

18.    As a result of the impact between the air boat and remnants of the Subject Bridge, Plaintiffs each suffered severe injuries and damages, all of which are complained of herein.

19.    Defendant Longnecker suffered injuries to his neck, head, and body, and the damages complained of herein.

20.    Defendant Bunciaga suffered injuries to his head, shoulders, back, and body, and the damages complained of herein.

21.    Defendant Windom suffered injuries to his right shoulder, right hip, right knee, abdomen, back, bowel, and body, and the damages complained of herein.

22.    The negligent acts and/or omissions of Defendant UP proximately caused the injuries to and damages sustained by Plaintiffs.

## CAUSE OF ACTION – NEGLIGENCE OF DEFENDANT
## UNION PACIFIC RAILROAD COMPANY

23.    On information and belief, UPRR had a non-delegable duty to comply with the provisions of the contract and/or agreement with TXDOT calling for the removal of the Subject Bridge and all of its components, including the support structure of the bridge, so that Langham Creek would have clear and unfettered navigation free from any hazard or obstruction.

24.    On information and belief, UPRR had a non-delegable duty to comply with the provisions of the contract and/or agreement with TXDOT, to inspect the condition of Langham Creek following the demolition of the Subject Bridge, and to confirm that Langham Creek had clear and unfettered navigation free from any hazard or obstruction.

25.    Further and in the alternative, UPRR had a duty under the law to the people of the State of Texas, including Plaintiffs, to exercise ordinary care in the demolition of the Subject Bridge, including removing all components that would pose an obstruction or hazard to the navigable waters of Langham Creek.

26.    Further and in the alternative, UPRR further had a duty under the law to the people of the State of Texas, including Plaintiffs, to exercise ordinary care in the demolition of the Subject Bridge, to inspect the condition of Langham Creek following the demolition of the Subject Bridge, and to confirm that Langham Creek had clear and unfettered navigation free from any hazard or obstruction.

27.   UPRR breached the duties set out above, by failing to remove the Subject Bridge and all of its components, including the support structure of the bridge, so that Langham Creek would have clear and unfettered navigation free from any hazard or obstruction. Such breach of duty constituted negligence, which was a proximate cause of the injuries and damages sustained by each of the Plaintiffs.

28.   UPRR breached the duties set out above, by failing to inspect the condition of Langham Creek following the demolition of the Subject Bridge, and to confirm that Langham Creek had clear and unfettered navigation free from any hazard or obstruction. Such breach of duty constituted negligence, which was a proximate cause of the injuries and damages sustained by each of the Plaintiffs.

29.   Plaintiffs sue Defendant UPRR for its breaches of duty and negligence, as set out herein.

## DAMAGES

30.   As a direct and proximate result of the negligence of Defendant, as set out above, Plaintiff Longnecker, Plaintiff Bunciaga, and Plaintiff Windom each suffered severe bodily injuries and damages as described above. Because of the nature and severity of the injuries, Plaintiff Longnecker, Plaintiff Bunciaga, and Plaintiff Windom each suffered the following elements of actual damages in the past, and Plaintiff Longnecker, Plaintiff Bunciaga, and Plaintiff Windom each will in reasonable probability suffer them in the future:

**Plaintiffs' First Amended Complaint**                                               **Page 8 of 10**

EXHIBIT 2

A.    Physical pain;

B.    Mental anguish;

C.    Physical impairment;

D.    Loss of earning capacity;

E.    Reasonable and necessary expenses for medical treatment; and

F.    Disfigurement.

Plaintiffs sue Defendant UPRR for the full amount of their damages, as determined by a jury.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Longnecker, Plaintiff Bunciaga, and Plaintiff Windom each prays that Defendant Union Pacific Railroad Company be cited to appear and answer herein, and that upon final trial, Plaintiff Plaintiff Longnecker, Plaintiff Bunciaga, and Plaintiff Windom each recover from Defendant Union Pacific Railroad Company actual damages in an amount deemed just and fair by the jury, plus costs of court, all legal interest at the maximum rate, and such further relief to which they are entitled, at law or in equity.

Respectfully submitted,

**TERRY BRYANT PLLC**

*/s/ Steve Waldman*

_____

**Steve Waldman**
State Bar No. 20679550
SDTX Bar No. 6127
8584 Katy Freeway, Suite 100
Houston, Texas 77024
Tel (main): (713) 973-8888
Tel (direct): (713) 830-7085
Fax: (713) 973-1188
**Email for Service:**
service@terrybryant.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been sent to all parties and/or counsel of record in accordance with the Federal Rules of Civil Procedure, on this date: August 28, 2023.

*/s/ Steve Waldman*

_____

**Steve Waldman**